FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN JAMES BAUGH,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-CV-00342-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 15, 19. Attorney Dana C. Madsen represents Justin James Baugh (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on September 5, 2012, Tr. 174, alleging

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

disability since June 30, 2010, Tr. 154-61, due to mental health issues, acid reflux, and anxiety. Tr. 177. The applications were denied initially and upon reconsideration. Tr. 104-10, 113-19. Administrative Law Judge (ALJ) Moira Ausems held a hearing on February 3, 2015 and heard testimony from Plaintiff and vocational expert, Diane Kramer. Tr. 42-72. The ALJ issued an unfavorable decision on May 4, 2015. Tr. 20-31. The Appeals Council denied review on August 3, 2016. Tr. 1-6. The ALJ's May 4, 2015 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 30, 2016. ECF Nos. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 36 years old at the alleged date of onset. Tr. 154. He completed the twelfth grade in 1993, Tr. 178, and completed one quarter of community college, Tr. 55. His reported work history includes the positions of general laborer and dishwasher. Tr. 48-50, 178. At filing, Plaintiff reported that he stopped working in May of 2012 due to his conditions. Tr. 177. However, at the hearing, Plaintiff testified that his work in 2012 was actually a work assessment arranged by the Division of Vocational Rehabilitation and, that following the assessment, he withdrew from the program. Tr. 47-48. Prior to the 2012 work assessment, Plaintiff was engaged in temporary work in 2010. Tr. 48-49.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d

1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant

cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 4, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 30, 2010, the alleged date of onset. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder; panic disorder with agoraphobia; generalized anxiety disorder; methamphetamine, benzodiazepine, and alcohol dependence in reported remission; tachycardia; hypothyroidism; obesity; and left carpal tunnel syndrome. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> [T]he claimant can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds. He can stand and walk for up to 6 hours in an 8-hour day, and sit for 6 hours in an 8-hour day. No more than occasional crawling and no climbing of ladders, ropes, or scaffolds; avoid concentrated exposure to industrial vibration; no exposure to unprotected heights or dangerous moving machinery; no commercial driving; no more than lower semiskilled (SVP-3) tasks; no more than brief superficial interaction with the general public; and no cooperative teamwork endeavors with coworkers.

Tr. 24-25. The ALJ identified Plaintiff's past relevant work as heating and air conditioning helper, laborer, and kitchen helper and concluded that Plaintiff was not able to perform this past relevant work. Tr. 29.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of office cleaner I, electrical assembler, and production assembler. Tr. 30. The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 30, 2010 through the date of the ALJ's decision, May 4, 2015. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider Plaintiff's symptom statements and (2) failing to properly weigh the medical source opinions in the record.

## DISCUSSION

**A.  Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that his reported symptoms were less than fully credible. ECF No. 15 at 12-14.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff less than fully credible concerning the intensity,

persistence, and limiting effects of his reported symptoms. Tr. 25. The ALJ reasoned that Plaintiff was less than fully credible because (1) the objective medical evidence did not establish total disability or corroborate the degree of symptomatology and limitation alleged, (2) Plaintiff inconsistently reported his drug and alcohol sobriety dates, and (3) Plaintiff's reported activities of daily living were not supportive of his allegations of total disability. Tr. 28.

### 1. Objective Medical Evidence

The ALJ's first reason for finding Plaintiff less than fully credible, that Plaintiff's symptoms are not supported by objective medical evidence, fails to meet the specific, clear, and convincing standard.

Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here the ALJ made the assertion that Plaintiff's statements were inconsistent with the objective evidence, but failed to address any specifics found in the record. Tr. 28. This is insufficient under the Ninth Circuit's holding in *Lester*. 81 F.3d at 834 ("General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."). Defendant asserts that the ALJ met the specificity required by the Court in *Lester* through her earlier discussion of Plaintiff's subjective complaints juxtaposed with the summary of the medical evidence. ECF No. 19 at 5. However, the ALJ is required to do more than a mere summary, she must draw some association between the evidence and the testimony to satisfy the requirements of the holding in *Lester*.

Next, Defendant's briefing provides specific aspects of the evidence, improvement with treatment, absence of treatment for three years, and evidence of conservative treatment, as support for the ALJ's determination. ECF No. 19 at 5. However, the Court is limited to reviewing what the ALJ provided in her decision and the ALJ failed to name these as specific rationale in support of her

determination. As such, Defendant's assertion is a *post hoc* rationalization, which will not be considered by this Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [she] did not rely."). As such, this reason fails to meet the specific, clear and convincing standard.

### 2. Drug and Alcohol Use

The ALJ found that inconsistencies in the record "[h]ave diminished the weight that can be accorded to the claimant's subjective allegations regarding symptoms and limitations that he has alleged in conjunction with his claims for state DSHS disability benefits and Social Security disability benefits." Tr. 28. The ALJ then supported this assertion by referencing Plaintiff's statements regarding his abstinence from drugs and alcohol, stating:

> A report of DSHS psychological evaluation conducted by Gregory Charboneau on April 25, 2014, reflects the claimant's assertion that he had not engaged in methamphetamine or alcohol abuse since August 2011 (9F/3). Earlier reports of DSHS psychological examination conducted by Dr. Charboneau reflect the claimant's assertions on April 26, 2011 and July 27, 2011, that he had not abused methamphetamine since January 2011. By contrast, the claimant admitted to a neuropsychologist on April 14, 2012, that he had only been clean and sober for nine months (3F/2), i.e., since approximately August 2012 (see also 4F/23), which suggests that the claimant was actually still engaging in substance abuse at the time of both Dr. Charboneau's evaluations in 2011.

Tr. 28.

An ALJ may properly consider evidence of a claimant's substance use in assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ's finding that claimant was not a reliable historian regarding drug and alcohol usage supports negative credibility determination); *Verduzco v. Apfel*, 188

F.3d 1087, 1090 (9th Cir. 1999) (conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding).

Plaintiff asserts in his initial briefing that these statements are not inconsistent, but reflect relapses. ECF No. 15 at 13. A review of the record shows that the ALJ misstated the dates of Dr. Charboneau's evaluations, and Plaintiff did not demonstrate any inconsistencies in reporting his substance usage to providers, but consistently reported relapses in meth usage in January and July of 2011 and a relapse in alcohol usage in August of 2011. On December 20, 2010, Plaintiff had a positive drug screen for meth. Tr. 213. On April 15, 2011, Plaintiff admitted to Dr. Charboneau that his last meth use was in January of 2011. Tr. 249. On April 26, 2011, Plaintiff reported using meth in January of 2011. Tr. 231. On July 5, 2011, Plaintiff again reported to Dr. Charboneau that his last meth use was in January of 2011. Tr. 240. On February 9, 2012, Plaintiff reported to Melissa Russel, PA-C that he has been in recovery from meth and alcohol for seven months. Tr. 280. On April 14, 2012, Plaintiff told Dr. Chong that his last inpatient treatment program began in August of 2011 and that he had remained abstinent from alcohol and drug use for the past nine months. Tr. 253. On November 17, 2012, Plaintiff reported that his last meth use was July 22, 2011 and his last alcohol use was August 12, 2011. Tr. 493. On May 22, 2014, June 30, 2014, and August 28, 2014, Plaintiff reported that his last meth use was July of 2011 and last alcohol use was August of 2011. Tr. 366, 373, 384. On April 25, 2014, Plaintiff told Dr. Charboneau that his last use of methamphetamine was July 22, 2011 and his last use of alcohol and marijuana was August of 2011. Tr. 355.

The ALJ cited Dr. Charboneau's evaluations as occurring on July 27, 2011 and August 29, 2011. Tr. 28. However, these were the dates the evaluations were signed. The evaluations actually took place on April 15, 2011 and July 5, 2011, Tr. 242, 251, which makes a relapse of multiple substances in July and August of 2011 not inconsistent with Plaintiff's reports to Dr. Charboneau.

The Court notes that Plaintiff's hearing testimony was inconsistent regarding the date of his last meth use. Plaintiff stated he last used meth on August 12, 2011. Tr. 54. However, the ALJ did not rely on the hearing testimony when finding Plaintiff's reports of drug usage as inconsistent. Tr. 28. Therefore, the Court cannot rely on this as a reason to uphold the ALJ's credibility determination, *See Orn*, 495 F.3d at 630, and the ALJ's reason fails to meet the specific, clear and convincing standard.

### 3. Activities of Dailey Living

The ALJ's third reason for finding Plaintiff less than fully credible, that Plaintiff's activities cast doubt on his alleged limitations, fails to meet the specific, clear and convincing standard.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

The ALJ found that Plaintiff's activities "have not been supportive of his allegation of total disability, as defined by the Social Security Act. The claimant testified that he uses public transportation and that the record reflects that he has a girlfriend and that they attended a Halloween Party in October 2014." Tr. 28. Again, the ALJ failed to provide any association between Plaintiff's activities and their assumed inconsistency with his other allegations. Without more, this reason falls short of the specific, clear and convincing standard.

In conclusion, the ALJ failed to provide a legally sufficient reason for finding Plaintiff's symptom statements less than fully credible. Therefore, this case is remanded for the ALJ to readdress Plaintiff's statements on remand.

**B.     Evaluation of Medical Evidence**

Plaintiff argues that the ALJ failed to properly consider and weigh the medical opinion expressed by examining physician Gregory Charboneau, Ed.D. ECF No. 15 at 14-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

Dr. Charboneau first evaluated Plaintiff on April 15, 2011 Tr. 247-51. He opined that Plaintiff had a marked limitation in seven of the eight abilities of

mental functioning addressed on the form and one moderate limitation. Tr. 249-50. Dr. Charboneau completed a second evaluation on April 26, 2011. Tr. 229-33. He opined that Plaintiff had a severe limitation in four mental functional abilities and a marked limitation in the remaining four abilities addressed on the form. Tr. 231-32. He evaluated Plaintiff again on July 5, 2011 and opined that Plaintiff continued to have a severe impairment in the same four abilities of mental functioning, but had improved to the point one of the marked limitations was reduced to moderate. Tr. 240-41. He performed a fourth evaluation on April 25, 2014. Tr. 354-58. In this evaluation he addressed thirteen mental functional abilities opining that Plaintiff had one moderate limitation, three marked limitations, and nine severe limitations. Tr. 356.

The ALJ gave no significant weight to the opinions of Dr. Charboneau, because (1) he did not have access to the entire record, (2) he based his opinion on Plaintiff's unreliable symptom statements, (3) he never questioned whether Plaintiff had been exaggerating his symptoms due to secondary gain and (4) he never attempted to verify Plaintiff's reported sobriety dates. Tr. 28. Additionally, the ALJ found the following regarding Dr. Charboneau's three 2011 evaluations:

> All three of Dr. Charboneau's exams include large blocks of text, worded exactly the same, suggesting that Dr. Charboneau did not engage in independent evaluations each time but instead copied and pasted the claimant's allegations and his analysis from each form to the next. This dramatically lessens the veracity of Dr. Charboneau's observations, findings, and diagnoses. It is simply not credible that the claimant repeated, word for word, his symptoms over an eight-month period, nor is it credible that Dr. Charboneau would observe the claimant exhibiting the exact same behaviors over an eight-month period.

Tr. 26.

Plaintiff asserts that Dr. Charboneau's opinions are uncontested and the ALJ was required to provide clear and convincing reasons for discounting them. ECF

No. 15 at 17. Defendant argues that Dr. Charboneau's opinions were contradicted by the opinion of Jason Chong, Psy.D. and only specific and legitimate reasons are necessary. ECF No. 19 at 11.

Dr. Chong provided the following opinion regarding Plaintiff's ability to work:

> Cognitively, Mr. Baugh is quite capable of performing many types of jobs duties with no identified limitations based on cognitive testing. He is able to attend to and follow complex instructions without difficulty. His memory is average and above. He would benefit from being in a job setting or environment in which he could be provided with some structure and organization, a routine to follow and a patient and understanding supervisor. Most importantly, given Mr. Baugh's anxiety and tendency to become easily frustrated and irritable, he would likely do better working in an environment that does not require a significant amount of interpersonal interaction. I believe Mr. Baugh is capable of competitive employment if his mood and anxiety are effectively treated. Finally, Mr. Baugh reports some changes in his vision that negatively affect[s] his ability to read. I would suggest that he follow-up with an optometrist for treatment. In the meantime, he would benefit from a job placement/position that does not require heavy amounts of reading.

Tr. 256-57. Despite Plaintiff's assertions otherwise, Dr. Chong's opinion contradicts the opinions of Dr. Charboneau. Dr. Charboneau repeatedly held that Plaintiff had marked limitations in understanding, remember, and persisting in tasks by following complex instructions. Tr. 231, 240, 249, 356. This is in direct conflict with Dr. Chong's opinion that Plaintiff "is able to attend to and follow complex instructions without difficulty." Tr. 256. Therefore, the specific and legitimate standard applies to the ALJ's reasons for discounting Dr. Charboneau's opinions.

The ALJ's first reason, that Dr. Charboneau did not have access to the entire record, does not meet the specific and legitimate standard. The ALJ failed to explain why Dr. Charboneau's failure to review records discredits his opinions.

Tr. 28. Further, Dr. Charboneau interviewed and observed Plaintiff and repeatedly administered mental status examinations of Plaintiff. See Tr. 234-37, 243-46, 357-58. This is more than the Disability Determination Services medical consultants performed, and the ALJ provided significant weight to these opinions, who also did not have the entire record available for review. Tr. 29. Defendant cites to 20 C.F.R. §§ 404.1527(c), 416.927(c) as holding that the ALJ may consider the extent to which an acceptable medical source is familiar with the other information in the case record when assigning weight. ECF No. 19 at 12. However, it should not be a factor used against a provider when the other providers did not have access to the entire medical record either. The Court does not find any authority holding an examining physician's failure to supplement his own examination and observations with additional records is a specific and legitimate reason to give less weight to the opinions. *See Messee v. Colvin*, No. 2:16-CV-01259-DWC, 2017 WL 243355, at *6 (W.D. Wash. Jan. 20, 2017).

The ALJ's second reason, that he based his opinion on Plaintiff's unreliable symptom statements, does not meet the specific and legitimate standard. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti*, 533 F.3d at 1041. Here, the ALJ failed to provide legally sufficient reasons for her determination that Plaintiff's statements were unreliable. *See supra*.

The ALJ's third reason, that he never questioned whether Plaintiff had been exaggerating his symptoms due to secondary gain, is not supported by substantial evidence. The ALJ was accurate that these evaluations were performed for the purpose of qualifying for public benefits. However, making the leap from this fact to the assumption that Plaintiff was misrepresenting himself for the purpose of receiving benefits is unfounded without some evidence of malingering. *See Burrell v. Colvin*, 775 F.3d 1133, 1139-40 (9th Cir. 2014) (the record does not support a finding of secondary gain without an affirmative finding that the

claimant was exaggerating or malingering.). The Court acknowledges that the ALJ found Plaintiff's symptom complaints less than fully credible, but the ALJ failed to provide legally sufficient reasons to support this determination. *See supra.* Even if the ALJ had, finding a person unreliable as to the intensity, persistence, and limiting effects of reported symptoms does not automatically equate to that person being a malingerer or purposefully misrepresenting symptoms for an alternative motive. *See* S.S.R. 16-3p ("the subjective symptom evaluation is not an examination of an individual's character.").[1] Here, the ALJ's determination is not supported by substantial evidence.

The ALJ's fourth reason, that he never attempted to verify Plaintiff's reported sobriety dates, does not meet the specific and legitimate standard. As addressed above, the ALJ's conclusion that Plaintiff was not sober during Dr. Charboneau's 2011 evaluations is not supported by substantial evidence.

The ALJ's fifth reason, that three of Dr. Charboneau's evaluations contained identical blocks of text, went unchallenged by Plaintiff. Therefore, this Court will not address this reason in detail. *See Carmickle*, 533 F.3d at 1161 n.2.

In conclusion, the reasons challenged by Plaintiff failed to meet specific and legitimate standard. The final reason for discounting Dr. Charboneau's opinions went unaddressed. Since the case is being remanded for the ALJ to properly consider Plaintiff's symptom statements, the ALJ is further instructed to address these evaluations anew on remand.

---

[1] The Court acknowledges that this S.S.R. was not in effect at the time of the ALJ's 2015 decision. However, this S.S.R. was promulgated to more accurately reflect regulations that never used the term credibility. Therefore, the Court relies on the S.S.R. for the purpose of establishing the meaning of terms and the underlying goals of the agency.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to determine the reliability of Plaintiff' symptom statements and address Dr. Charboneau's opinion in light of the correct evaluation dates. The ALJ is will also need to supplement the record with any outstanding medical evidence and call a medical and a vocational expert to testify at any remand proceedings.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED November 30, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE